DECISION AND JUDGMENT ENTRY
Appellant, Steven M. Bisel, was convicted of kidnaping with the purpose to engage in sexual activity. We affirmed his conviction, State v. Bisel
(June 27, 1997), Huron App. No. H-96-067, unreported. After his conviction, the state moved to classify appellant as a sexual predator, pursuant to R.C. Chapter 2950. Following a hearing, the trial court found insufficient evidence that appellant was a sexual predator, but advised him that he may be subject to "registration and notification requirements as a Sexually Oriented Offender."
Appellant now appeals.
Pursuant to 6th Dist.Loc.App.R. 12(C), we sua sponte transfer this matter to our accelerated docket and, hereby, render our decision.
Appellant sets forth two assignments of error on appeal. In his first assignment of error, he complains that the evidence presented at the sexual predator hearing was insufficient to classify him as a sexually oriented offender. In his second assignment of error, appellant complains of certain evidentiary irregularities during the hearing.
Appellant wholly misses the point. As we stated in State v. Woodson
(April 14, 2000), Lucas App. No. L-98-1235, unreported:
 "R.C. 2950.10 (D)(2)(c)(3), defines a sexually oriented offense as, inter alia, a `violation of [R.C. 2905.01
(kidnaping)] that is committed with a purpose to gratify the sexual needs or desires of the offender.'
 "Under R.C. Chapter 2950, anyone who has been convicted of any sexually oriented offense is automatically classified as a sexually oriented offender and is subject to the ongoing conditions of that chapter. State v. Cook (1998), 83 Ohio St.3d 404, 409; State v. Parker (Sept. 9, 1990), Mahoning App. No. 98 CA 93, unreported. Appellant was convicted of a sexually oriented offense and is, therefore, a sexually oriented offender."
Consequently, appellant was a sexually oriented offender by virtue of his conviction of a sexually oriented offense. The trial court's judgment did nothing to add or detract from that classification. Accordingly, appellant's first assignment of error is not well-taken. His second assignment of error is moot.
The judgment of the Huron County Court of Common Pleas is affirmed. Costs to appellant.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Richard W. Knepper, J., Mark L. Pietrykowski, P.J., JUDGES CONCUR.